UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ROXANNA M. SASS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:10CV1326 HEA |
| ) | |
| **CAROLYN W. COLVIN,**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq,* and her application for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.*  For the reasons set forth below, the Court will reverse the Commissioner's denial of Plaintiff's applications and remand the matter for further proceedings.

### Facts and Background

Plaintiff was 47 years old at the time of the hearing.  She is a high school

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

graduate and was taking online college classes at the time. The ALJ found Plaintiff had the severe impairments of: degenerative disc disease and carpal tunnel syndrome. At the August 6, 2009 hearing, Plaintiff testified that she is not married and lives with her parents, her brother and sister-in-law and a nephew. Plaintiff is able to drive, cares for herself and goes to the grocery store. Plaintiff testified that she is prevented from working because of back pain. Plaintiff was taking pain medication at the time of the hearing, but she testified that the medicine makes her "groggy" and "sleepy." Plaintiff also testified that she has migraine headaches and that she "sleeps through them."

A vocational expert testified at the hearing. She testified that, based on Plaintiff's work history and her limitations, Plaintiff could work as a cashier.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. and XVI of the Act, 42 U.S.C. § 1381, *et seq* was denied on December 21, 2007. On September 10, 2009, the ALJ issued an unfavorable decision. On June 19, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

    A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled.

20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the

claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since September 28, 2007, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: Degenerative disc disease and carpal tunnel syndrome.

At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

Prior to Step Four, the ALJ found that Plaintiff had the residual functional

capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for a total of at least 2 hours in a workday, with the option to sit or stand at a workstation; sit for a total of about 6 hours in a workday, with the option to sit or stand at a workstation; Plaintiff would not be able to use ladders, scaffolds, etc. on a job and only occasionally use ramps and stairs; she could only occasionally balance or crouch; Plaintiff must avoid concentrated exposure to extreme cold, vibration and hazards such as unprotected heights and dangerous machinery.

At Step Four, the ALJ determined that Plaintiff was not capable of performing past relevant work.  At  Step  Five, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  The ALJ determined that Plaintiff could perform a cashier's job, which is typically performed at the light exertional level, and that also exist at the sedentary level in the economy.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th

Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL''s decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following

arguments: (1) the ALJ failed to give weight to all treating medical sources; (2) the ALJ erred in determining Plaintiff's RFC and posed an inappropriate hypothetical to the vocational expert; (3) Plaintiff need not be completely bedridden to be found disabled.

Plaintiff argues that the ALJ failed to mention medical evidence of Moreland Chiropractic and Forest City Family Practice. While recognizing that chiropractors are not considered "acceptable sources," 20 CFR §§ 404.1513(a), 416.913(a), evidence from chiropractors may be used to show "'the severity of [claimant's] impairments and how it affects [claimant's] ability to work.' see §§ 404.1513(d), 416.913(d)." *McDade v. As true*, 720 F.3d 994, 999 (8th Cir. 2013). The Court agrees with Plaintiff that the ALJ failed to recognize Plaintiff's chiropractic evidence and to ascertain whether this evidence impacts on the determination of the severity of claimant's impairments and how it affects her ability to work.

Likewise, Plaintiff has consistently complained of migraines. Throughout the medical records, it is documented that Plaintiff sought medical attention for her migraines. Although Plaintiff was not taking medication for these headaches, she testified that the medication did not work for her and that she had to "sleep through" the migraine. The ALJ's decision failed to consider whether this

evidence impacts on the affects of having to sleep through migraines on the severity of Plaintiff's migraines and how it affects her ability to work.

Because the ALJ's opinion failed to consider the above evidence, the subsequent conclusions cannot be found to be supported by substantial evidence on the record as a whole.

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination as detailed above is not supported by substantial evidence on the record as a whole, and therefore, the decision will be reversed and remanded for further consideration.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is reversed.

**IT IS FURTHER ORDERED** that this matter is remanded to the Commissioner further consideration of the record.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 31st day of October, 2013.

_____
**HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**